UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT CAMPBELL, No. 48906

                                                Hon. Paul D. Borman
                                                Case No. 2:13-cv-13770

          Plaintiffs,


C.O. CARNEY,

          Defendant.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

**I.  Introduction**

Before the Court is Plaintiff Robert Campbell's *pro se* civil rights complaint filed pursuant to 42 U.S.C.§ 1983.  Plaintiff is a state prisoner currently confined at the St. Louis Correctional Facility in St. Louis, Michigan.  For the reasons stated below, the complaint is **SUMMARILY DISMISSED.**

**II.  Standard of Review**

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997).  However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.
>
> A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490

U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III. Complaint

The complaint states:

> I am having a hard time with ARUS Pinkerton - CO Carney and CO Weller. They all threaten to put me in the hole because I'm mildly retarded. I need to have somebody come talk to me to help me deal with them. I want to charge CO Weller with verbal abuse. Also the RUM told the ARUS and the CO's that I need ample time out of my cell to have the help I need to get my work done, but they won't let me.
>
> CO Carney is verbally abusive to a mildly retarded person. I don't know what law its under but I know that its not right. He is constantly talking bad to me. I don't know what else I'm supposed to do. I need help from somebody other than my aide. Also on 6/7/13 we came out of our cell to work and Carney told us to go in the kitchen with all the kitchen workers when there was plenty of room in the day room for us. We worked in there the night before. It's so noisy in here with all these people in here we can't do out work.

Complaint, p. 3.

For a remedy, Plaintiff seeks to be transferred to a another correctional facility.

### IV. Discussion

The Court construes the complaint as attempting to raise a cruel and unusual punishment

-2-

claim. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The Eighth Amendment is concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

The use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions. See *Ivey*, 832 F.2d at 954-55; see also *Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); *Violett v. Reynolds*, 76 Fed. Appx. 24, 2003 WL 22097827, at *3 (6th Cir. 2003) (verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim); *Thaddeus-X v. Langley*, No. 96-1282, 1997 U.S. App. LEXIS 9045, 1997 WL 205604, at *1 (6th Cir. Apr. 24, 1997) (verbal harassment is insufficient to state a claim); *Murray v. U.S. Bureau of Prisons*, No. 95-5204, 1997 U.S. App. LEXIS 1716, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) ("Although we do not condone the alleged statements, the Eighth Amendment does not afford us the power to correct every action, statement or attitude of a prison official with which we might disagree."); *Clark v. Turner*, No. 96-3265, 1996 U.S. App. LEXIS 33113, 1996 WL 721798, at *2 (6th Cir. Dec. 13, 1996)

("Verbal harassment and idle threats are generally not sufficient to constitute an invasion of an inmate's constitutional rights."); *Brown v. Toombs*, No. 92-1756, 1993 U.S. App. LEXIS 1400, 1993 WL 11882 (6th Cir. Jan. 21, 1993) ("Brown's allegation that a corrections officer used derogatory language and insulting racial epithets is insufficient to support his claim under the Eighth Amendment."). Furthermore, in order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "deliberate indifference" to that risk. *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

Plaintiff does not allege anything in his complaint other than intemperate treatment by corrections officers. He does not allege that he has been harmed in any way so as to give rise to a cognizable claim for relief. Thus, Plaintiff fails to state a claim.

## V. Order

IT IS HEREBY ORDERED that Plaintiff's Complaint is DISMISSED.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  September 20, 2013

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 20, 2013.

s/Deborah Tofil
Case Manager